FILED
2011 JAN -5 A 11: 28
US DISTRICT COURT
HARTFORD CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

3:11-CV-17 (SRU)

**DENNIS BYARS,**
**Plaintiff**

**311CV 0017** (SRU)

V.

**PLAINTIFF DEMAND A TRIAL BY JURY**

**DANIEL MALLOY; BARACK OBAMA,**
**Defendants**

**First Cause of Action:**

1. At all times hereinafter mentioned Plaintiff, Dennis Byars was and still remains a resident of the State Connecticut mailing address 68 Upton Street, New Britain, Connecticut 06051.
2. Defendant, Daniel Malloy resides at 990 Prospect Avenue, Hartford, Connecticut.
3. The jurisdiction of this court is invoked pursuant to the Fourteenth Amendment to the United States Constitution, which states in relevant part "no State shall deny to any person within its jurisdiction the equal protection of the laws." and 42 U.S.C. Section 1983.
4. Plaintiff, Dennis Byars, alleges violations of the Fourteenth Amendment and 42-U.S.C. Section 1983 as applied to him by Connecticut's Judicial Department and the Trial and Appellate Courts within that department, Connecticut Claims Commissioner, and Connecticut General Assembly. These violations consist of failing to enforce the statutory requirements for a Motion to Open Judgment on FedEx Ground Package System, Inc; and failing to provide a person, board, or commission to hear and determine the claim for money damages against the State of Connecticut on the merits on claims involving Connecticut Appellate Courts.
5. On or about February 15, 2008, the Claims Commissioner Dismissal of Plaintiff's claim states "The Claims Commissioner is not a super Appellate Court where unsuccessful

litigants can obtain a second "bite of the apple", To allow such a claim would expand the scope of this office far beyond the jurisdictional limits imposed by this Legislature".

6. On March 12, 2008, Plaintiff filed an appeal to the General Assembly, with the Claims Commissioner office.
7. On or about June 17, 2009, Plaintiff learned that the General Assembly affirmed the Claims Commissioner's decision stating "The claimant is attempting to continue a course of action which he started in the district court. The Commissioner may not be appealed to because the claimant alleges that the Appellate Court denied him proper procedure by ruling against him
8. The General Assembly's position that Dennis Byars cannot appeal the violation of his Fourteenth Amendment 42 U.S.C. Section 1983 rights by the Connecticut's Appellate Court to equal protection of the laws is a denial of Plaintiff's citizenship.
9. The General Assembly's position as outlined in number 23 is contrary to number 20, which states "A person claiming to be injured or damaged as a result of state action must pursue a claim through the Office of the Claims Commissioner". The Appellate Court is a part of the state of Connecticut Judicial Department.
10. Connecticut Attorney General's office states" plaintiff's claim alleges patently unequal treatment between FedEx and him in the court's application of its decisions, the express language of state statutes and legal principles in granting motion to open judgment. This pattern of allegations substantiates a claim of the violation of clearly established constitutional rights a reasonable person would have known"
11. The violation of the Fourteenth Amendment to the United States Constitution by a public official is a criminal offense.
12. The refusal of Connecticut's courts to protect Dennis Byars, Constitutional rights is a form of terrorism.
13. Connecticut's Appellate Court is authorized to affirmed, modify, or reverse any case that is properly filed in that court.
14. Connecticut's Appellate Court judges Dipentima, Gruendel, and Harper on May 8, 2007, affirmed the unauthorized Opening of Judgment by Superior Court Judge Robinson.

15. Connecticut Attorney General's Office is wrong on their claims that a lawsuit could be brought in Connecticut state court by Dennis Byars, for unauthorized act against the Appellate Court for affirming the misconduct of the Superior court.
16. Connecticut Attorney General's Office is wrong on their claim that Dennis Byars could file a lawsuit against judge Robinson for unauthorized acts that was approved, and affirmed by Connecticut's Appellate Court.
17. Motions to Open Default Judgment require that the moving party must not only "allege" but must also make a "showing" sufficient to satisfy statutory requirements.(Connecticut case law)
18. "Where a particular method of serving process is pointed out by statue, that method must be followed." (Connecticut case law)
19. "Court's determination of jurisdictional issue as to whether there was valid service of process must be based only on evidence presented at hearing." (Connecticut case law)
20. "To warrant exercise of trial court's discretion to open default judgment which has been entered for failure to appear, defaulting party must show that mistake, accident or other reasonable cause prevented his appearing." (Connecticut case law)
21. "The Marshal's return is prima facie evidence of the facts stated therein, it may be contradicted, and facts may be introduced to show otherwise." (Connecticut case law)
22. "In granting relief under this section authorizing reopening upon default, orderly administration of justice requires relief be denied unless moving party alleges and show reasonable cause for relief under this section." (Connecticut case law)
23. Connecticut General Statute Sec.33-660 requires that "registered agents shall be in writing and shall be signed by the registered agent therein appointed.
24. Connecticut General Statute Sec. 33-663(c) states in regards to (a) that, "This section does not prescribe the only means, or necessarily the required means, of serving a corporation."
25. Connecticut General Statute Sec. 52-57(c) states in parts "in actions against a private corporation, service of process shall be made either upon the president, the vice president, an assistant vice president, the secretary, the assistant secretary, the treasurer, the assistant treasurer, the cashier, the assistant cashier, the teller or assistant teller, or its general or managing agent or manager or upon any director resident in this state, or the

person in charge of the business of the corporation, or upon any person who is at the time of service in charge of the office of the corporation in the town in which its principal office or place of business is located."

26. Connecticut General Statute Sec. 52-57(c) the terms "or its general or managing agent or manager" are concomitant terms meaning a person whose position, rank, duties and responsibilities make it reasonably certain that the corporation will be appraised of service made upon that person." (Connecticut case law)
27. The Trial Court judge Robinson, should have been versed in Connecticut case laws and the statutory requirements on Motions to Open Judgments.
28. On or about September 13, 2004, Dennis Byars filed a complaint against FedEx Ground Package Systems, Inc with the Connecticut Superior Court.
29. On or about August 5, 2004, State Marshal Kenneth J. Capaldo attested by leaving with and within the hands of Don Clark, P.D. Manager at 11 Leonardo Drive, North Haven Connecticut a true and attested copy of the within, Writ, Summons, Complaint & Relief, with my endorsement thereon that he served process on FedEx Ground Package Systems Inc.
30. On or about October 1, 2004, Dennis Byars filed a Motion for Default Judgment for failure to appear against FedEx Ground Package Systems Inc.
31. On or about January 7, 2005, the Trial Court granted the Motion for Default Judgment.
32. On or about November 15, 2005, Dennis Byars was awarded damages.
33. On or about November 25, 2005, Dennis Byars filed an appeal to the Appellate Court Contesting the damages award.
34. Connecticut General Statute Sec. 52-212(a) "any judgment rendered or decree passed upon a default or non suit in the superior court may be set aside, within four months following the date on which it was rendered or passed, and the case reinstated on the docket, on such terms in respects to costs as the court deems reasonable, upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of rendition of the judgment or the passage of the decree, and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense."

35. On or about December 27, 2005, FedEx Ground Package Systems Inc filed a Motion to Open Judgment, Requesting oral argument, pursuant to Connecticut Practice Book Sec. 17-43 and Connecticut General Statute Sec. 52-212, and a Motion to Dismiss. Oral argument and not testimony was requested.
36. On or about Thursday December 29, 2005 Dennis Byars received a copy of FedEx Ground Package Systems, Inc.' Motion to Open Judgment.
37. FedEx Ground Package Systems, Inc,' Motion to Open Judgment stated that Dennis Byars failed to serve process on their Registered Agent.
38. FedEx Ground Package Systems Inc also sent Donald Clark's Affidavit claiming he did not accept service of process to support their Motion to Open Judgment.
39. On or about Tuesday January3, 2006, Dennis Byars received a copy of the short calendar that was mailed by the court on Friday, December 30, 2005.
40. Connecticut practice allows only the moving party to mark a motion off the short calendar
41. On or about Tuesday January 3, 2006 FedEx Ground Package Systems, Inc marked the Motion to Open Judgment ready by fax to the Trial Court.
42. On or about Tuesday January 3, 2006, Dennis Byars sent by certified mail to the court a Motion for Extension of Time to respond to FedEx Ground Package Systems, Inc, Motions to Open Judgment and Dismiss.
43. On or about January 5, 2006, Dennis Byars' Request for Extension of Time on FedEx Ground Package Systems, Inc. Motions to Open Judgment and Dismiss was filed with the court.
44. Connecticut Civil Procedure Sec. 10-30 requires the clerk to grant a Motion for Extension of Time if filed within ten days.
45. The Motion to Open Judgment was filed December 27, 2005; Dennis Byars Request for Extension of Time for the opening and dismissal was filed January 5, 2006 which is within the ten days requirement.
46. On or about Monday, January 9,2006 the court granted FedEx Ground Package Systems, Inc's Motion to Open Judgment.
47. On or about January 18, 2006, the court granted FedEx Ground Package Systems, Inc, Motion to Dismiss.

states that:"[t]his section does not prescribe the only means, or necessarily the required means, of serving a corporation."

58. On March 23, 2006, also noted in the footnotes number 3, that FedEx Ground Package Systems, Inc. cites Connecticut General Statute Sec. 33-633 as the law governing service of process on a Registered Agent.

59. The Court's determination on March 23, 2006 should have been applied on February 6, 2006, to grant Dennis Byars, Request to Re argue and Vacate Order to Open Judgment.

60. The trial court's granting of FedEx Ground Package Systems, Inc. Motion to Open Judgment on their assertion that Dennis Byars, had to serve process on their "Registered Agent" based on Connecticut General Statute Sec. 33-633 is contrary to Connecticut General Statute Sec.33-663(c) that states in regards (a) that, "this section does not prescribe the only means, or necessarily the required means, of serving a corporation."

61. The trial court's granting of FedEx Ground Package Systems, Inc. Motion to Open Judgment on their offer of a Connecticut Concord Business inquiry website is contrary to Connecticut General Statute Sec. 33-660 requiring that a "'registered agent shall be in writing and shall be signed by the registered agent therein appointed."

62. The trial court's refusal to apply Connecticut General Statute Sec. 33-663(c) to FedEx Ground Package Systems, Inc.'s assertion that process had to be made on their "Registered Agent" deprived Dennis Byars the equal protection of the law in violation of the Fourteenth Amendment to the United States Constitution.

63. The trial court's granting of FedEx Ground Package Systems, Inc.'s Motion to Open Judgment on their assertion that their "Registered Agent" had to be served process is contrary to Connecticut General Statute Sec. 52-57(c) "in actions against a private corporation, service shall be made... upon any person who at the time of service in charge of the office of the corporation in the town in which its principal office or place of business is located."

64. The Trial Court's refusal to apply Connecticut General Statute Sec. 52-57(c) to FedEx Ground Package Systems, Inc.'s Motion to Open Judgment deprived Dennis Byars, equal protection of the law in violation of the Fourteenth Amendment to the United States Constitution.

65. The Trial Court's granting of FedEx Ground Package Systems, Inc.'s Motion to Open Judgment on their assertion that Don Clark, a P.D. Manager, was not authorized to accept service of process was contrary to the Appellate Court directive in Lillian Nelson v. Stop and Shop Companies, which states "we adopt the standard and holding that under Connecticut General Statute Sec. 52-57(c) the terms "or its general manager or managing agent or manager" are concomitant terms meaning a person whose position, rank, duties and responsibilities make it reasonable certain that the corporation will be appraised of service made upon that person."

66. The Trial Court's refusal to follow the directive of the Appellate Court on Motions to Open Judgment upon whom service of process may be made deprived Dennis Byars equal protection of the law in violation of the Fourteenth Amendment to the United States Constitution.

67. The Trial Court's granting of FedEx Ground Package Systems, Inc's Motion to Open Judgment as a non-arguable was contrary to Connecticut Appellate Court directive in Phan v. Delgado that the "Court's determination of jurisdictional issue as to whether there was valid service of process must be based only on *evidence presented at hearing, and defendant's affidavits in support of motion may not be considered as evidence to support claim that court lacks jurisdiction."*

68. The Trial Court's granting of FedEx Ground Package Systems, Inc. Motion to Open Judgment based solely on an allegation was contrary to the Appellate Court's directive in Tax Collector of New Haven v. Stettinger, which states, "although the marshal's return is prima facie evidence of the facts therein, it may be contradicted and facts may be introduced to show otherwise."

69. The Trial Court's refusal to follow the directive of the Appellate Court on Motions to Open Judgment deprived Dennis Byars equal protection of the law in violation of the Fourteenth Amendment to the United States Constitution.

70. The Trial Court's refusal to follow the directive of the Appellate Court determination on jurisdictional issue on service of process of process in the case law cited deprived Dennis Byars of equal protection of the law in violation of the Fourteenth Amendment to the United States Constitution.

71. The Trial Court's granting of FedEx Ground Package Systems, Inc.'s Motion to Open Judgment based solely on allegation was contrary to the Appellate Court directive in Pantlin and Chananie Development Corp. v. Hartford Cement and Bldg. Supply Co. and Eastern Elevator Co.,Inc. v. Scalzi. "Motion to Open Default Judgments requires that the moving party must not only "allege" but must also make a "showing" sufficient to satisfy statutory requirements."

72. The Trial Court's refusal to follow the directive of the Appellate Court on Motions to Open Default Judgments based solely on allegations deprived Dennis Byars equal Protection of the law in violation of the Fourteenth Amendment to the United States Constitution.

73. The Trial Court's granting of FedEx Ground Package Systems, Inc.'s Motion to Open Judgment based solely on an allegation was contrary to the Appellate Court directive in Motes v. Karzian Moving & Storage Inc, which stated "to warrant exercise of trial court's discretion to open default judgment which has been entered for failure to appear, defaulting party must *show t*hat mistake, accident or other reasonable cause prevented his appearing.

74. The Trial Court's refusal to follow the directive of the Appellate Court on the exercise of trial court's discretion deprived Dennis Byars, equal protection of the law in violation of the Fourteenth Amendment to the United States Constitution.

75. The Trial Court's granting of FedEx Ground Package Systems, Inc. Motion to Open Judgment on only allegations was contrary to the Appellate Court directives in Genung's Inc. v. Rice, and Testa v. Carrolls Hamburgers System Inc. which states " in granting relief under this section authorizing reopening upon default, orderly administration of justice requires relief be denied unless moving party alleges and *show reasonable cause for relief under this section."*

76. The Trial Court refusal to follow the directive of the Appellate Court on Motions to Open Judgments deprived Dennis Byars equal protection of the law in violation of the Fourteenth Amendment to the United States Constitution.

77. On March 23, 2006, the Trial Court ordered a hearing pursuant to Connecticut General Statue Sec. 52-57(c) to determine whether Don Clark, in his position as Package and Delivery Manager was a proper person for service of process.

78. On April 13, 2006, based on the Trial Court's improper granting of FedEx Ground Package Systems, Inc. Motion to Open Judgment the court again dismissed the case based on testimony given by Don Clark, on discovery information that was objected to and denied to Dennis Byars, by FedEx Ground Package Systems, Inc.
79. The Trial Court took no action regarding FedEx Ground Package Systems, Inc.'s objection to Dennis Byars Request for production.
80. The Trial Court improperly denied Dennis Byars the right to verify any information independently as requested.
81. The Trial Court Improperly allowed FedEx Ground Package Systems, Inc.'s witness, Don Clark, to testify on or about information denied to Dennis Byars in its decision to dismiss the case.
82. Based on the improper opening of FedEx Ground Package Systems, Inc, the Appellate Court dismissed Dennis Byars, first appeal
83. On May 8, 2007, the Appellate Court determined that the Trial Court took no action on FedEx Ground Package Systems, Inc. Motion to Open Judgment for thirteen days.
84. The Trial Court sent Dennis Byars, notice of the date and time the court set for the short calendar on FedEx Ground Package Systems, Inc. Motion to Open Judgment.
85. The Trial Court determined that FedEx Ground Package Systems, Inc. Motion to Open Judgment would be decided as a non-arguable on January 9, 2006.
86. On May 8, 2007, the Connecticut Appellate Court determined that it did not have the authority to enforce its determinations and directives on Motions to Open Judgments on Connecticut Superior Courts.
87. On May 6, 2007, the Connecticut Appellate Court determined that it did not have the authority to decide if Dennis Byars, was given the same protection of the laws as FedEx Ground Package Systems, Inc. and its Motion to Open Judgment, as guaranteed by the Fourteenth Amendment to the United States Constitution.

**Second Cause of Action:**

1. At all times hereinafter mentioned Plaintiff, Dennis Byars, was and still remains a resident of the State Connecticut mailing address P.O. Box 2671 Waterbury, Connecticut.

2. Defendant, Barack Obama resides at 1600 Pennsylvania Avenue, Washington D.C 20500.
3. The jurisdiction of this court is invoked pursuant to the Fourteenth Amendment to the United States Constitution, which states in relevant part "no State shall deny to any person within its jurisdiction the equal protection of the laws." and 42 U.S.C. Section 1983.
4. Plaintiff, Dennis Byars, alleges violations of the Fourteenth Amendment and 42-U.S.C. Section 1983 as applied to him by Barack Obama. Mr. Obama was made aware of the violations of Federal Law and Dennis Byars' Constitutional Rights by certified mail and responded to by the U.S. Justice Department.
5. Barack Obama is a public official within the meaning of 42-U.S.C. Section 1983.
6. The U.S Justice Department in their response for Mr. Obama; left in tack the violations of Plaintiff's Constitutional Rights as applied by the State of Connecticut.
7. Mr. Obama pledged to uphold and/or enforce the Constitution against all violators, foreign of domestic.
8. Plaintiff filed a federal complaint in the District of Connecticut on April 19,2010.
9. On April 19, 2010 Plaintiff filed a Motion to file *forma pauperis.*
10. On June 30, 2010, Judge Kravitz issued an order stating my complaint may be dismissed unless it was amended. And that I had until July 30, 2010 to respond.
11. The Clerk's office received my amended complaint on July 26, 2010, to this day January 5, 2011 I have not received a decision on whether my complaint will be heard.
12. It has been more than 8 months since I first filed this complaint, and simple motion *to* file *forma pauperis* . There is no logical reason why this complaint was not forwarded to Jodi Rell.
13. Judge Kravitz was protecting Jodi Rell from a legitimate lawsuit.
14. Plaintiff submitted paragraphs 9-13 to Mr. Obama on October 8,2010.
15. There has not been a response to the October 8, 2010 letter from Mr. Obama as of the file of this complaint.
16. This Plaintiff born a United States Citizen has spent his adult life fighting to protect his Constitutional Rights, yet the American Government has chosen to continuously violate them and ignore all efforts for relief.

17. This Plaintiff is requesting to finally be Free from the American Government and their Unconstitutional practices.

WHEREFORE PLAINTIFF DEMANDS

**RELIEF**

A) Back pay under state labor laws $ 123,900

B) Front Pay under state labor and discrimination laws $ 2,064, 000

C) Compensatory damages under Conn. Gen. Statute Sec.46a-104 $ 10, 000,000

D) Attorney fees is one third of the total damages under Conn. Gen. Statute Sec.46a-104

E) Miscellaneous expenses $ 14, 581

F) Federal review of all cases pertaining to Plaintiff.

Dennis Byars

68 Upton Street

New Britain, Connecticut 06051

Phone: (203) 819-0103